THE UNION NATIONAL BANK OF FRENCHTOWN v. WILLIAM J. POULSON ET AL., ADMINISTRATORS, &c.

On a judgment against administrators no execution can issue, if, at the time of entering the judgment, the administrators had made application in writing to the proper Orphans' Court, representing their estate to be insolvent.

In case.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiff, *J. A. Bullock* and *J. N. Voorhees.*

For the defendants, *George A. Allen.*

The opinion of the court was delivered by

DIXON, J. On December 12th, 1877, the defendants made application in writing to the Orphans' Court of Hunterdon county, wherein they were appointed administrators, representing, on oath, that the real and personal estate of the decedent was insufficient to pay his debts, and obtained a rule for notice to creditors, according to the eighty second section of the Orphans' Court act. *Rev., p.* 770. On December 20th, 1877, the plaintiff entered judgment in this cause and issued execution, which the defendants now move to set aside. They are entitled to their motion. The eighty eighth section of the same statute (*Rev., p.* 772,) explicitly forbade the issuing of the writ. The plaintiff insists that because the defendants received their letters of administration on February 19th, 1873, and on that day took the ordinary nine months' rule to bar creditors, these revised statutes are not applicable, not being retroactive; and the case of *Taylor* v. *Volk, Executrix,* 9 *Vroom* 204, settles the point that they are entitled to execution, because insolvency proceedings were not instituted within ten months after the date last named. Even conceding that the question is not to be determined by the revised statutes, the defendants' right appears to be the same, for the sections already cited are substantial copies of the third and twelfth sections of the insolvent estates act, (*Nix. Dig.* 419); and the case of Taylor v. Volk, Executrix, does not touch the matter in controversy. The decision there simply was, that the right to execution was suspended for ten months after the making of the usual nine months' order to limit creditors; and if within those ten months the insolvency proceedings were prosecuted, such suspension continued. But if they are not then begun, they may be subsequently commenced under the laws now invoked, and upon judgments entered during their pendency, no execution can issue.

Let the execution be set aside, with costs.